IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2019 FEB 28 P 4:01

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MILISA STONER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 3:19-CV-152-GMB |
| | ) DEMAND FOR JURY TRIAL |
| THE ESTATE OF ROBERT HUGHES MOUNT and PROGRESSIVE DIRECT INSURANCE COMPANY, | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, the Plaintiff in the above-styled action, by and through undersigned counsel of record, and for the relief hereinafter sought, respectfully shows unto this Honorable Court as follows:

## JURISDICTION

1. A controversy exists between the Plaintiff and Defendants involving more than Seventy-Five Thousand Dollars. ($75,000.00).

2. Jurisdiction in this case is based upon diversity of citizenship (28 U.S.C. § 1332).

## PARTIES

3. Plaintiff, Milisa Stoner (hereinafter "Plaintiff"), is an individual over the age of nineteen (19) years who resides in Wayne County, Georgia.

4. Defendant, The Estate of Robert Hughes Mount (hereinafter "Defendant, Mount"), by and through Administrator, C. Burton Dunn, was, at all times relevant to the incident made the basis of this lawsuit, an individual over the age of nineteen (19) years and a resident of Lee County, Alabama.

5. Defendant Mount, at all times pertinent to this civil action, owned, operated and maintained the 2015 Nissan Frontier (VIN# 1N6AD0CU5FN720264) that caused the collision on April 29, 2017 forming the basis of Plaintiff's Complaint.

6. Defendant, Progressive Direct Insurance Company (hereinafter "Defendant, Progressive"), upon information and belief, is an Ohio corporation, with its principle place of business in Ohio, which at all times pertinent to this civil action, was operating in and conducting business within the State of Alabama.

7. Defendant, Progressive, provided uninsured and/or underinsured motorist automobile coverage to Plaintiff on the date of the collision forming the basis of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

8. Plaintiff adopts and incorporates paragraphs one (1) through seven (7) above, as if fully set out herein.

9. On April 29, 2017, at approximately 12:27 P.M., Plaintiff was the passenger in a 2001 Nissan Xterra, traveling West on Highway 14 in Lee County, Alabama.

10. At the same time and place, Defendant, Mount, was operating a 2015 Nissan Frontier traveling North on Lee Road 57 in Lee County, Alabama, when he failed to yield to Plaintiff's right of way and allowed his vehicle to collide with the vehicle occupied by Plaintiff at the intersection of Lee Road 57 and Highway 14.

11. As a direct and proximate consequence of the collision described in paragraph ten (10) above, the Plaintiff was caused to suffer injuries and damages as described with particularity in paragraph fifteen (15) below.

## COUNT ONE
## NEGLIGENCE/WANTONNESS

12. Plaintiff adopts and incorporates paragraphs one (1) through eleven (11) above, as if fully set out herein.

13. At the time of the collision forming the basis of this civil action, Defendant, Mount, had a duty to refrain from operating a motor vehicle on a public roadway in a negligent or wanton manner.

14. Defendant, Mount, breached his duty by negligently or wantonly causing or allowing his motor vehicle to collide with the vehicle occupied by Plaintiff, as evidenced by the following conduct:

  a. Defendant, Mount, failed to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

  b. Defendant, Mount, failed to maintain a proper lookout for warnings, other vehicles and obstructions; and

  c. Defendant, Mount, failed to yield to the right-of-way of the Plaintiff.

15. As a direct and proximate consequence of the conduct of Defendant, Mount, Plaintiff was caused to suffer injuries and damages, including, but not limited to:

  a. Plaintiff was caused to suffer injuries to her person that were and are attended by physical pain and suffering;

  b. Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat and cure her injuries;

  c. Plaintiff suffered permanent injuries and disfigurement;

  d. Plaintiff suffered mental anguish and emotional distress; and

  e. Plaintiff suffered past, present and future lost earnings and lost earning capacity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant, The Mount, for compensatory damages in an amount that will adequately

compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## COUNT TWO
## UNDERINSURED /UNINSURED MOTORIST COVERAGE

16. Plaintiff adopts and incorporates paragraphs one (1) through fifteen (15) above, as if fully set out herein.

17. On April 29, 2017, at the time of the occurrence forming the basis of Plaintiff's Complaint, there was in full force and effect a policy of automobile insurance issued by Defendant, Progressive, which provided uninsured and/or underinsured motor vehicle insurance coverage to Plaintiff.

18. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Plaintiff was occupying the 2001 Nissan Xterra (VIN# 5N1ED28T01C515533) carrying the uninsured and/or underinsured motor vehicle insurance coverage referenced in paragraph seventeen (17) above.

19. Plaintiff has charged Defendant, Mount, with negligent or wanton operation of a motor vehicle directly and/or proximately causing the injuries and

damages she suffered in the incident forming the basis of Plaintiff's Complaint, including, but not limited to:

    a.    Plaintiff was caused to suffer injuries to her person that were and are attended by physical pain and suffering;

    b.    Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat and cure her injuries;

    c.    Plaintiff suffered permanent injuries and disfigurement;

    d.    Plaintiff suffered mental anguish and emotional distress; and

    e.    Plaintiff suffered past, present and future lost earnings and lost earning capacity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgement against Defendant, Progressive, for those damages in excess of the policy limits provided to Defendant, Mount, up to the amount of insurance provided by Defendant, Progressive.

**Dated: This, the 27th day of February, 2019.**

*/s/ D. Brett Turnbull*
D. Brett Turnbull (asb-2569-d43t)
J. Curt Tanner (asb-1041-t80w)
*Attorneys for the Plaintiff*
CORY WATSON, P.C.
2131 Magnolia Avenue South, Suite 200
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

E-Mail: bturnbull@corywatson.com
E-Mail: ctanner@corywatson.com

## TO CLERK:  PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:

**The Estate of Robert Hughes Mount**
c/o C. Burton Dunn, Esq.
5 Points Law Group
2151 Highland Avenue South, Suite 205
Birmingham, Alabama 35205

**Progressive Direct Insurance Company**
c/o CT CORPORATION SYSTEM
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104